RENDERED: MAY 20, 2010
TO BE PUBLISHED

Supreme Court of Kentucky

FINAL

2008-SC-000731-DG

DATE 08.26.2010

LUTHER WILBERT SEXTON            APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.           CASE NO. 2007-CA-000194-MR
PULASKI CIRCUIT COURT NO. 05-CR-00267

COMMONWEALTH OF KENTUCKY           APPELLEE

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**<u>REVERSING AND REMANDING</u>**

On July 21, 2005, the Pulaski County Public School Child Care Program took approximately 24 children, between the ages of five and twelve years, to the General Burnside Island State Park. As the children were swimming with other patrons at the pool, Brenda McDowell, the Director of the program, noticed Appellant, Luther Wilbert Sexton, across the road by a shelter. He was squatted down, holding a video camera. Appellant then entered his truck and left the premises; however, one of the parents at the pool was able to make out the license plate number and the model of the vehicle as Appellant was driving away.

The police were called and Pulaski County Sheriff's Deputy, Troy McClin, responded. After acquiring the address through the license plate check,

Deputy McClin went to Appellant's home. When McClin asked Appellant if he had been at the pool earlier, Appellant initially denied that he had. Appellant later recanted his denial after McClin informed him that his truck had been observed at that location. Initially, Appellant stated that he had just been sitting there, but later indicated that he did have a video camera. However, Appellant denied videotaping the children in the swimming pool. Instead, he said that he was attempting to film a houseboat he had seen in the lake, but was unable to retrieve his camera in time. In other words, he denied doing any actual videotaping. McClin then asked Appellant if he could view the tape in his camera, and Appellant complied. After briefly scanning a portion of the videotape, McClin did not see any footage of the children swimming in the pool or of a houseboat. The footage viewed by McClin was actually a recording of a television show. At this point, McClin returned the videotape to Appellant. After warning Appellant not to return to the pool, McClin left the premises.

Sometime after McClin left Appellant's home, an arrest warrant was taken for Appellant, charging him with disorderly conduct at the pool earlier that day. Also, a search warrant was issued for Appellant's house after it was learned that Appellant was on bond for three counts of sexual abuse in Wayne County. Two hours after the initial encounter, McClin returned to Appellant's house to serve the warrants. The search of Appellant's house did not reveal the videotape that McClin had previously watched, nor were any forms of child pornography or any other criminal material discovered in Appellant's home.

2

Appellant refused to tell the police where the videotape was located, and he was subsequently charged with tampering with physical evidence. KRS 524.100.

Prior to trial, the Commonwealth gave notice of its intention to introduce evidence that Appellant was a registered sex offender with prior convictions in other states. KRE 404(b). The Commonwealth contended that this evidence would show that a previous conviction in Florida involved Appellant's having videotaped young children in swimsuits playing at the beach, thus supporting the Commonwealth's theory that the videotape contained footage of the children at the Burnside pool, as well as proving Appellant's alleged motive for destroying the tape.

A two-day trial was held in Pulaski County, where the jury returned guilty verdicts for second-degree disorderly conduct and tampering with physical evidence. Appellant then pled guilty to being a persistent felony offender in the first-degree. The jury recommended an enhanced sentence of 12 years in prison and a fine of $250.00, which the trial court ultimately accepted. Appellant appealed as a matter of right to the Court of Appeals, who affirmed the convictions. Thereafter, this Court granted discretionary review.

For the following reasons, we reverse the Court of Appeals and hold that Appellant was entitled to a directed verdict on the charge of tampering with physical evidence. As this issue is dispositive, we need not address the issue of the admissibility of KRE 404(b) evidence.

On a motion for a directed verdict, the trial judge must draw all fair and

3

reasonable inferences from the evidence in favor of the Commonwealth. *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky. 1991). The standard for appellate review of a denial of a motion for a directed verdict based on insufficient evidence is if, under the evidence as a whole, it would be clearly unreasonable for a jury to find the defendant guilty, then he is entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983). "The Commonwealth bears a burden of proof in establishing each element of the charged crime, else a motion for a directed verdict by the defendant must be properly entertained." *Williams v. Commonwealth*, 721 S.W.2d 710, 712 (Ky. 1986).

KRS 524.100 provides:

> (1) A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he:
>
> > (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding; or
> >
> > (b) Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.
>
> (2) Tampering with physical evidence is a Class D felony.

From the evidence introduced at trial, we believe that it was clearly

unreasonable for a jury to find Appellant guilty of tampering with physical evidence. The Court of Appeals' opinion focuses primarily on Appellant's subjective knowledge of imminent proceedings. However, this ignores a crucial step. The Commonwealth still must prove the existence of some physical evidence that Appellant allegedly tampered with. In this instance, the Commonwealth simply failed to produce any evidence that Appellant was actually videotaping anyone or anything while at the General Burnside Island State Park. Appellant maintained that he was attempting to videotape a passing houseboat, but was unable to get to his camera in time. This story is seemingly confirmed by the fact that the videotape in Appellant's camera that McClin viewed was of a television show. McClin did not see any footage of either a houseboat or of children swimming in the Burnside pool on the videotape, which is why he subsequently returned the tape to Appellant.

As it stands, the Commonwealth failed to produce any evidence that a videotape, filmed by Appellant, of children swimming at the Burnside pool even exists. Absent such a videotape, it strains the bounds of reason to conclude that Appellant in some way actively "conceal[ed] . . . physical evidence . . . with the intent to impair its verity or availability in the official proceeding." Because the Commonwealth did not present evidence that would prove all elements of tampering with physical evidence, it would be clearly unreasonable for a jury to find guilt. Accordingly, the trial court erred in denying a directed verdict on this charge.

We, therefore, set aside Appellant's conviction for tampering with physical evidence. This, then, requires that Appellant's conviction for being a first-degree persistent felony offender be vacated as well, since KRS 532.080(3) requires conviction of a third felony after having been previously convicted of two prior felonies. The failure of the underlying felony conviction would render improper Appellant's conviction for being a first-degree persistent felony offender. Also, the Court of Appeals did not find error in the trial court's denial of Appellant's directed verdict motion as to the disorderly conduct charge; however, this issue was not made part of the appeal before this Court.

For the reasons set forth herein, we reverse the decision of the Court of Appeals and remand this case to the Pulaski Circuit Court for entry of a new sentence in accordance with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Department of Public Advocacy
Assistant Public Advocate
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Todd Dryden Ferguson
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204