Charles E. BAILEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 9, 1972.

Robert E. Wohlwender, Covington, E. André Busald, Florence, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Charles E. Bailey was tried by a jury and convicted on a charge of armed assault with intent to rob. KRS 433.150. He was sentenced to serve fifteen years in the state reformatory. From that judgment he appeals. We affirm. Bailey's sole ground for urging reversal is a claim that the court erred in denying his motion for a peremptory instruction of acquittal because the evidence was insufficient to support a conviction. Bailey argues that he took nothing from the complaining witness Robert F. Ward and there is no proof that he intended to commit a robbery.

The crime denounced by KRS 433.150 is capable of commission in two distinct ways: (1) by an assault with an offensive weapon or instrument with intent to rob, or (2) by a demand for money or property in a forcible and violent manner with intent to rob. Robards v. Commonwealth, Ky., 419 S.W.2d 570 (1967). The gravamen of the crime described in the first instance is the assault; the offense may be consummated without a robbery or taking of property so long as there is the intent to rob. In order to convict, there must be proof of an assault and evidence from which an intent to rob may be inferred. Wheeler v. Commonwealth, Ky. 395 S.W.2d 565 (1965); Lanter v. Commonwealth, 268 Ky. 53, 103 S.W.2d 693 (1937).

According to Ward's testimony, during the evening of December 12, 1970, and early morning of December 13, 1970, he was drinking at the Silver Dollar Bar in Cincinnati, Ohio. There he met and joined in drinking with Stella Ponder, who was accompanied by Nancy Perkins and Nancy's boy friend, appellant Bailey. At Mrs. Ponder's request, Ward agreed to drive them to her mobile home in Covington, Kentucky.

Upon reaching the home of Mrs. Ponder, they all sat around drinking beer that had been purchased along the way. Ward testified that after he had been there about fifteen or twenty minutes " * * * I went out * * * and I checked the trunk lid of my car, I was afraid somebody, you know, could have tampered with it. And then I went back in, sat down and finished my beer, and the next thing I knew I got a sharp blow on the back of the head." Ward further related that Bailey beat him with a flat piece of steel or an old-fashioned type of tire tool, and continued to do so until Mrs. Ponder begged him to quit. Bailey then instructed Mrs. Ponder's eighteen-year-old son to search Ward's pockets, which he did and removed therefrom a set of car keys and wallet. Mrs. Ponder and her son went outside, were not seen for awhile, and later they returned. Afterward Ward was given his car keys and allowed to leave. Ward said he then drove to a nearby farm house and called the police. When he checked his trunk he discovered that a pistol, a power saw and an envelope containing $190 were missing. A police officer testified that when they arrived at Mrs. Ponder's home Bailey ran out the back door and when he was apprehended Ward's missing pistol was in his possession. Bailey and his witnesses told a story at variance with Ward's version.

■■■ In considering a motion for dismissal for lack of evidence, "It is the (trial court's) duty to give the evidence the construction most favorable to the commonwealth of which it is reasonably susceptible, and, when that is done, if it tends to prove the guilt of the defendant, the case should be submitted to the jury." Combs v. Commonwealth, 224 Ky. 653, 6 S.W.2d 1082 (1928). This rule was cited with approval in Wood v. Commonwealth, 229 Ky. 459, 17 S.W.2d 443 (1929), and Bass v. Commonwealth, 232 Ky. 445, 23 S.W.2d 926 (1930). The total circumstances disclosed by the evidence furnished ample proof from which a jury could find there was an intent to rob. Lanter v. Commonwealth, 268 Ky. 53, 103 S.W.2d 693 (1937).

The judgment is affirmed.

All concur.