**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Fred A. SAWHILL, Appellee.**

Supreme Court of Kentucky.

Nov. 23, 1983.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellant.

Robert C. Ewald, Wyatt, Tarrant & Combs, Louisville, for appellee.

WINTERSHEIMER, Justice.

## CERTIFICATION OF THE LAW

The Commonwealth seeks a certification of the law where Dr. Fred A. Sawhill received a directed verdict of acquittal in a criminal trial for perjury. The issue is whether the trial court used a proper stan-

dard in directing a verdict of acquittal at the close of the prosecution's evidence.

■ Dr. Sawhill presents issues concerning the indictment and retrial for consideration in this certification. We reject this request because he was acquitted in the circuit court and has no right to certify the law on those matters. *Thompson v. Commonwealth,* Ky., 652 S.W.2d 78 (1983).

■ The record indicates that the standard used by the circuit judge was:

> . . . if the evidence points to innocence as well as to guilty if it could be either way, it's the duty of the court to decide in favor of the defendant.

■ The above test is approved in *Fugate v. Commonwealth,* Ky., 445 S.W.2d 675 (1969), and *Carmen v. Commonwealth,* Ky., 490 S.W.2d 744 (1973). Therefore, its application in this case is not error. This standard, however, creates confusion in the minds of many. It is difficult to apply and gives rise to the impression that a different standard is to be used in a circumstantial evidence case. Such is not correct. It is obvious that this matter has troubled the courts for a number of years because there are many cases relating to the same general proposition in the history of Kentucky jurisprudence.

There have been several other standards cited to apply to a directed verdict situation involving circumstantial evidence. The Commonwealth urges that the language in *Bailey v. Commonwealth,* Ky., 483 S.W.2d 112 (1972), is the preferred form. It is as follows:

> [I]t is the duty of the trial court to give the evidence the construction most favorable to the Commonwealth of which it is reasonably susceptible, and when that is done, if it tends to prove the guilt of the defendant the case should be submitted to the jury.

Commissioner Bernard B. Davis, in *Hodges v. Commonwealth,* Ky., 473 S.W.2d 811 (1971), compiled an extensive number of Kentucky cases dealing with the standard for a directed verdict of acquittal. *Hodges, supra,* indicated that running throughout

the earlier decisions of this Court is the element of reasonableness. The rule is that if from the totality of the evidence the judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient to allow the case to go to the jury even though it is circumstantial.

There is no harm in including in that standard the statement that the evidence must be viewed in a light most favorable to the Commonwealth. *Bailey, supra,* and *United States v. May,* 430 F.2d 715 (6th Cir., 1970). In a somewhat similar but not identical matter, this concept has been incorporated into the test used by federal courts in habeas corpus challenges to the sufficiency of evidence in a state proceeding. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A similar philosophy is part of the directed verdict test in a civil proceeding. *Spivey v. Sheeler,* Ky., 514 S.W.2d 667 (1974). The basis for the guideline lies in the belief that the weight and value given to the evidence is for the jury to decide. If it is reasonably possible the jury should decide the matter.

■ As Commissioner Davis observed in *Hodges, supra,* there is varying language in which the general rule has been stated. We do not expect that the variations in language will come to an end. However, a review of the cases indicates that a better method of expressing the rule in directed verdict situations in criminal cases should be:

> With the evidence viewed in the light most favorable to the Commonwealth, if the totality of the evidence is such that the trial judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient and the case should be submitted to the jury. If the evidence cannot meet this test it is insufficient and a directed verdict of acquittal should be granted. *Hodges, supra; Bailey,* supra.

In *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530 (1977), the standard was set forth as follows:

If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal.

This clearly unreasonable test seems to be a higher standard for granting a directed verdict than the reasonableness standard taken from *Hodges.* We interpret the view expressed in *Trowel* to constitute an appellate standard of review.

Nothing in this decision should change any of the original grounds for a directed verdict. The trial court must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion, and a directed verdict should not be given unless the evidence is insufficient to sustain a conviction. The evidence presented must be accepted as true. The credibility and the weight to be given the testimony are questions for the jury exclusively.

It should be remembered that the trial court is certainly authorized to direct a verdict for the defendant if the prosecution produces no more than a mere scintilla of evidence. Obviously, there must be evidence of substance.

It is our opinion that the cases following the line of *Hodges, supra,* represent a better expression of the proper standard of judging the sufficiency of the evidence in sending a case to the jury. *Carmen* and *Fugate,* to the extent that they conflict with this opinion, are overruled.

All concur.