**Johnny COOMER, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Aug. 9, 1985.

Shirley A. Wiegand, Appellate Public Advocate, Lexington, for appellant.

David L. Armstrong, Atty. Gen., William E. Doyle, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, GUDGEL and WHITE, JJ.

COMBS, Judge.

Appellant was tried and convicted in the Lee Circuit Court of setting fire on land owned by another contrary to the provisions of KRS 149.380(1) and sentenced to five (5) years' imprisonment. On this appeal he alleges that the trial court committed reversible error in two respects: first, in failing to direct a verdict of acquittal because the Commonwealth did not prove that the land burned was timberland as defined in the statute; and second, in allowing the Commonwealth's attorney to improperly question appellant on cross-examination about the lack of fires in the area in question during the time appellant was incarcerated and awaiting trial.

Morton Caudill, the owner of the burned land, testified that he saw appellant set fire to some "old dry broom sage, leaves and stuff" and that the fire burned a hillside above Caudill's house. There was no direct proof concerning the type or character of the land burned. We are asked by the Commonwealth to accept that the jury could infer that the land was timberland for the following reasons:

(1) The fire was extinguished by two men who identified themselves as part-time forestry workers;

(2) Much of Lee County is included in the Daniel Boone National Forest;

(3) The land was referred to as "your timberland or your land up there" in a question by the Commonwealth's attorney to Morton Caudill; and,

(4) The location of the land was testified to by Caudill.

KRS 149.380(1) reads as follows:

No person shall:

(1) Willfully, maliciously, or wantonly set on fire or cause or procure to be set on fire any timberland, or flammable material on such land, which land is not owned, leased or controlled by him.

"Timberland" is defined in KRS 149.-365(4) as follows:

(4) "Timberland" means any land which has enough timber or woody brush, standing or down, to constitute a fire

menace to itself or adjoining lands, but does not include lands under cultivation or entirely in grass, nor land that is an isolated fire risk unless a fire on it would imperil the lands of an adjoining landowner.

■ The Commonwealth has the burden of proving every element of a criminal case beyond a reasonable doubt. KRS 500.070.

In *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983), the Kentucky Supreme Court certified the law concerning the proper standard for appellate review of rulings on motions for directed verdicts in criminal cases. The court approved the standard enunciated in *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). That standard is:

If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill, supra,* at 5.

The court then went on to say:

It should be remembered that the trial court is certainly authorized to direct a verdict for the defendant if the prosecution produced no more than a mere scintilla of evidence. Obviously, there must be evidence of substance. *Id.*

■ In this case, there was a total failure of proof by the Commonwealth concerning the character of the land burned. The judgment must be reversed.

■ Reversal of a judgment of conviction on the ground that the evidence at trial was insufficient to support the judgment precludes retrial of the defendant for the same offense. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Therefore, the case will be remanded with directions to dismiss the indictment.

Because we reverse on the insufficiency of the evidence, we do not reach appellant's other assignment of error.

The judgment of the Lee Circuit Court is reversed and the case is remanded to that court with directions to dismiss the indictment.

WHITE, J., concurs.

GUDGEL, J., concurs in result.