# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# Supreme Court of Kentucky



2015-SC-000695-MR

DATE 3/23/17 Kim Redmon, DC

CHRISTOPHER KANE                                          APPELLANT


                    ON APPEAL FROM FLEMING CIRCUIT COURT
V.                  HONORABLE STOCKTON B. WOOD, JUDGE
                              NO. 15-CR-00028


COMMONWEALTH OF KENTUCKY                                   APPELLEE



## MEMORANDUM OPINION OF THE COURT

## AFFIRMING


On April 27, 2015, police officers lawfully searched the home of

Appellant, Christopher Joseph Kane, and discovered drugs and materials used

in the manufacturing of methamphetamine. Several other individuals and

Appellant's young child were also present at the scene. Investigating officers

testified that the house was in a pitiful state of disrepair and reeked of animal

urine and feces.

As a result of the search, Appellant was indicted by a Fleming County

grand jury on a host of charges. Appellant was jointly tried with his

confederate, James Flora. A Fleming County Circuit Court jury convicted

Appellant of manufacturing methamphetamine and possession of marijuana

and recommended a total sentence of twenty years' imprisonment, which was imposed by the trial court. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution. Three issues are raised and addressed as follows.

## Allegedly Inadmissible Evidence

For his first argument, Appellant complains that the trial court erroneously admitted photographs of two discarded 2-liter plastic bottles into evidence. Admissible evidence must be relevant, probative, and not unduly prejudicial. *Bell v. Commonwealth*, 875 S.W.2d 882, 889-91 (Ky. 1994). *See also* KRE 401; 402; and 403. This issue is preserved by the defense's motion in limine. We review for the trial court's decision for an abuse of discretion.

The Commonwealth explained that the bottles were discovered immediately behind Appellant's residence and were consistent with the "shake and bake" method of manufacturing methamphetamine and argued that the bottles were part of the totality of the evidence demonstrating intent to manufacture. Appellant argues that the unknown white substance contained in the bottles was too speculative to be considered by the jury.

Contrary to Appellant's argument, this evidence is highly relevant and probative of Appellant's intent to manufacture methamphetamine. *See Pate v. Commonwealth*, 243 S.W.3d 327, 333 (Ky. 2007). In denying Appellant's motion in limine, the trial court specifically noted that the bottles were part of the crime scene and that an officer would testify that the police left the bottles there, did not test them, and did not know what was inside of them.

2

Investigating Deputy Sherriff, Garret Ingram, testified that the bottles were consistent with the "shake and bake" style of a methamphetamine "cook." He further explained that he did not field test them or send them to a lab for testing. Deputy Ingram could not say what was inside the bottles. Accordingly, this evidence was relevant, probative, and not unduly prejudicial to Appellant. Thus, the trial court did not abuse its discretion in admitting this evidence.

## Directed Verdict

Appellant next alleges that the trial court erred in denying his motion for a directed verdict on the manufacturing methamphetamine charge. We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983) (emphasis added)). Our review is confined to the proof at trial and the statutory elements of the alleged offense. *Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011). The jury was instructed under KRS 218A.1432(1)(b) which states in pertinent part:

> (1) A person is guilty of manufacturing methamphetamine when he knowingly and unlawfully:
>
> (a) Manufactures methamphetamine; or
>
> (b) With intent to manufacture methamphetamine possesses two (2) or more chemicals or two (2) or more items of equipment for the manufacture of methamphetamine.

3

The list of relevant materials discovered at Appellant's residence and in his nearby vehicle is extensive. In addition to the 2-liter soft drink bottles containing an unknown substance previously discussed, here is a non-exhaustive description of the materials discovered at the crime scene: 1) a package of Claritin D brand allergy medicine containing pseudoephedrine located on the bedside dresser; 2) 25 feet of medical gas tubing located on top of the Claritin D package; 3) one empty and one unopened package of lithium batteries; 4) a partially opened can of Coleman brand camp fuel two or three feet away from Liquid Fire drain cleaner; 5) several empty cold packs that had been cut open and with the beads of ammonium nitrate missing; 6) an empty gallon jug of paint thinner in a barn about 20 to 30 yards from the house; and 7) a burned container which appeared to be a Coleman brand camp fuel container located in a burn pit in Appellant's yard.

An investigating detective testified that these items could be used to manufacture methamphetamine. It is also noteworthy that Appellant's disheveled home that was originally built in the mid-19th century was secured by a video surveillance system.

However, Appellant argues that his alleged legal possession of common household items located in several places throughout the living space is as consistent with innocence as it is with guilt. Appellant testified at trial that he used many of the items for allegedly legal purposes. For example, Appellant claimed that lithium batteries were for his child's toys. Appellant's wife also testified that she used the ice packs for her back. The jury was clearly

4

unconvinced. In any event, the Commonwealth presented more than enough evidence here to justify an instruction to the jury on manufacturing methamphetamine. Thus, the trial court did not abuse its discretion in denying Appellant's directed verdict motion.

### Wanton Endangerment

Appellant also takes issue with evidence introduced by the Commonwealth to support its claim that Appellant wantonly endangered his child, who was present at the home where drugs, feces, and chemicals for manufacturing methamphetamine were discovered. However, the trial court subsequently granted Appellant's directed verdict motion on that charge. Appellant nevertheless claims that he was unduly prejudiced by the Commonwealth's presentation of irrelevant evidence concerning the dirtiness of his home. Although Appellant's co-defendant objected to the introduction of this evidence during trial, Appellant's trial counsel did not. Therefore, this issue is unpreserved and we will review for palpable error. RCr 10.26; and *McCleery v. Commonwealth*, 410 S.W.3d 597, 606 (Ky. 2013) (we will not reverse unless "it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error.").

We find the Appellant's argument unpersuasive. Evidence concerning the physical state of the crime scene is always relevant. Compare *Thorpe v. Commonwealth*, 295 S.W.3d 458 (Ky. App. 2009). In *Thorpe*, the Court of Appeals reversed the appellant's conviction for fraudulently obtaining a prescription for a controlled substance and remanded for a new trial. In so

5

holding, the court stated that "Thorpe was essentially on trial for her housekeeping and caregiving skills. That evidence was clearly devastating to Thorpe, who received the maximum sentence while little actual evidence of the charge crime existed." *Id.* at 463. Unlike *Thorpe*, there was no error here, and certainly no palpable error.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Fleming Circuit Court.

All sitting. Minton, C.J.; Cunningham, Hughes, Keller, Venters, and Wright, JJ., concur. Noble, J., concurs in result only.

COUNSEL FOR APPELLANT:

Molly Mattingly
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

James Coleman Shackelford
Assistant Attorney General

# Supreme Court of Kentucky

2015-SC-000695-MR

CHRISTOPHER KANE                                                      APPELLANT

ON APPEAL FROM FLEMING CIRCUIT COURT
HONORABLE STOCKTON B. WOOD, JUDGE
V.                                    CASE NO. 15-CR-00028

COMMONWEALTH OF KENTUCKY                                              APPELLEE

## ORDER DENYING PETITION FOR REHEARING

## AND MODIFYING OPINION

The Petition for Rehearing, filed by the Appellant, of the Opinion of the Court, rendered October 20, 2016, is DENIED, and the Opinion of this Court is modified by substitution of the attached Opinion in lieu of the original Opinion. Said modification does not affect the holding of the original Opinion of the Court.

The Court modifies said Opinion by omitting the following sentence from the last paragraph on page 5: "Appellant has also failed to indicate any undue prejudice."

All sitting. All concur.

ENTERED: March 23, 2017.

CHIEF JUSTICE