Leigha N. DEVILLE, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2016-CA-000403-DG

Court of Appeals of Kentucky.

JULY 28, 2017; 10:00 A.M.

Discretionary Review Denied by Supreme Court December 7, 2017

BRIEF FOR APPELLANT: Kathleen K. Schmidt, Assistant Public Advocate, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, James C. Mills, Special Assistant Attorney General, Paducah, Kentucky.

BEFORE: JONES, J. LAMBERT, AND MAZE, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Leigha N. Deville was convicted of Wanton Endangerment in the Second Degree in McCracken District Court. Her conviction was affirmed on direct appeal to the McCracken Circuit Court. We granted Deville's motion for discretionary review. We reverse the McCracken Circuit Court's order affirming and remand the matter to the McCracken District Court for an entry of a judgment of acquittal.

The facts leading to Deville's arrest are as follows: On the morning of March 25, 2015, Deville's neighbor called police dispatch to report the presence of an unattended young child playing in the backyard. Sergeant David Shepherd, a deputy sheriff, arrived at the scene within fifteen minutes of the call. He found whom he later learned was Deville's two-year-old son playing in the neighbor's sand pile. The young child possessed limited communication skills and was thus unable to answer any of Sergeant Shepherd's questions about his identity and place of residence. Shepherd ultimately determined where the child lived. Shepherd had to knock and announce repeatedly before Deville came to the door and acknowledged that the child was her son.

By Shepherd's calculation the child was unsupervised for a minimum of forty-five minutes. Shepherd called social services for assistance while he was in the process of locating the child's residence. Susan Carneal, investigator for the Cabinet for Health and Family Services, arrived at the scene and conducted her own examination of the circumstances. Deville allowed Carneal access to the home, and it was at that time that Carneal discovered the presence of another adult on the premises.

When questioned about the morning's events, Deville explained that she had arisen in time to take her six-year-old daughter to school, leaving her sleeping sons (she also has a four-year-old) with the other adult in the home. After arriving back at the house after the school run, Deville checked on the two boys and found that they were still asleep. Deville opted to return to bed herself, having worked the late shift the night before. Her youngest child escaped while Deville was still asleep.

After questioning Deville, Shepherd and Carneal both expressed concern that Deville was not taking the matter seriously,

that the gravity of the situation "just wasn't sinking in." Carneal requested that Deville submit to a drug screen, but she refused. A later court order for drug testing went ignored by Deville. Shepherd made the decision to arrest Deville for Wanton Endangerment. The children were temporarily removed from her custody; they continued to live in foster care at the time of their mother's trial.

Deville was tried in McCracken District Court on September 11, 2015. The jury found her guilty of Wanton Endangerment in the Second Degree and recommended a sentence of forty-five days' incarceration and a $200.00 fine. Deville's direct appeal to McCracken Circuit Court was unsuccessful, and she sought and was granted discretionary review in this Court. We vacate the judgment against Deville.

Deville's first argument, and the grounds upon which we are basing this decision, is that a directed verdict of acquittal should have been granted at the conclusion of the Commonwealth's case in chief.

Kentucky Revised Statute (KRS) § 508.070(1) lists the elements required for a conviction of Wanton Endangerment in the Second Degree:

> A person is guilty of wanton endangerment in the second degree when he wantonly engages in conduct which creates a substantial danger of physical injury to another person.

KRS § 501.020(3) defines "wantonly":

> "Wantonly"—A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is **aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.**

**The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.** A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

(Emphasis ours.)

"On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill,* 660 S.W.2d 3 (Ky. 1983)). "In ruling on the motion for directed verdict, we look at the evidence the Commonwealth presented at trial to decide whether it was unreasonable for the jury to find Appellant guilty under the . . . statute." *Lawton v. Commonwealth,* 354 S.W.3d 565, 575 (Ky. 2011).

The evidence in this case fell short of meeting the definition of wanton behavior on Deville's part. There was no testimony that the two-year-old had ever exhibited this type of behavior. The sole instance of him running ahead of Deville's mother (so that she had to give chase to catch up with him) is not similar to him escaping from the house while his mother and brother slept. Thus, it was not probative of foreseeability of this incident as it occurred. Nor was it "a gross deviation from the standard of conduct that a reasonable person would observe in the situation." KRS § 501.020(3). As the Appellant argued at trial and reiterates in her brief, reasonable parents sleep when their children are sleeping.[1]

1. See generally *Keeping the Free-Range Parent Immune from Child Neglect: You Cannot Tell Me How to Raise My Children,* 55 Fam. Ct. Rev. 152 (2017).

Furthermore, this issue was properly preserved for appellate review. Trial counsel's motion for directed verdict was sufficient, in spite of his comment made at the bench conference that it was "obligatory" on his part. It was imperative that the Commonwealth prove the statutory elements; absent that proof, it was error for the trial court to deny the motion for directed verdict. *Crabtree v. Commonwealth*, 455 S.W.3d 390, 409 (Ky. 2014).

Having found that the directed verdict should have been granted, we need not address Deville's remaining arguments pertaining to evidentiary issues.

The order of the McCracken Circuit Court is reversed. This matter is remanded to the McCracken District Court for entry of a judgment of acquittal.

ALL CONCUR.