# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: NOVEMBER 1, 2018
NOT TO BE PUBLISHED

Supreme Court of Kentucky FINAL

2017-SC-000547-MR

DATE 11/26/18 Kim Redmon, DC

GREGORY CAMPBELL                                                    APPELLANT


ON APPEAL FROM KNOTT CIRCUIT COURT
V.          HONORABLE KIMBERLEY CHILDERS, JUDGE
NO. 16-CR-00006


COMMONWEALTH OF KENTUCKY                                    APPELLEE


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Gregory Scott Campbell, sodomized Andrew Morris[1] on two occasions between 2010 and 2011. Andrew, who was nineteen years old at the time of trial, testified that during one instance of abuse, Appellant began by fondling him, kissed him on the lips, and then had Andrew perform oral sex on him. Appellant pulled down both of their pants and bent over the bed. Andrew then inserted his penis into Appellant's anus.

The abuse occurred in a bedroom at Andrew's house in Knott County, Kentucky. Appellant was Andrew's stepfather's half-brother and sometimes visited or resided with Andrew and his family at their home during the time

---

[1] Pseudonyms are being used to protect the anonymity of the child victim and witnesses.

period when the abuse occurred. Andrew also testified that Appellant performed oral sex on him on a separate occasion approximately a year later when he was twelve years old. This abuse also occurred at Andrew's home.

Andrew subsequently disclosed this information to a friend. The friend told Andrew's mother, who then reported it to the police. As a result, Kentucky State Police Detective Joe Dials had Andrew call Appellant and recorded the conversation. Andrew told Appellant that he wanted to discuss what happened between them. In response, Appellant repeatedly told Andrew to tell the investigators that "nothing happened." At other times during the conversation, Appellant opined that he thought Andrew consented to the act, and that if Andrew testified in court, that people would laugh at him.

Appellant was subsequently arrested and indicted on three counts of first-degree sodomy (victim under twelve). A Knott Circuit Court jury convicted Appellant on two counts of first-degree sodomy and one count of first-degree sodomy (victim under fourteen). The court adopted the jury's recommendation and sentenced Appellant to a total of twenty years in prison. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution. Two issues are raised and discussed as follows.

## Juror Selection

Appellant argues that the trial court erred by failing to excuse a prospective juror for cause, and that reversal of his conviction is required. We disagree.

2

Appellant moved to strike Juror Mike Childers[2] for cause due to the fact that he was a probation and parole officer. When the court denied the motion, defense counsel exercised a peremptory challenge. Defense counsel noted on his strike sheet that he would have used a peremptory strike on another juror had he not had to strike Juror Childers. Thus, Appellant properly preserved this issue. *Sluss v. Commonwealth*, 450 S.W.3d 279, 284-85 (Ky. 2014).

We review the trial court's decision not to strike prospective jurors for cause under an abuse of discretion standard. *Id.* at 282. In *Sluss*, we summarized our considerations as follows:

> Kentucky Criminal Rule ("RCr") 9.36 states clearly that 'when there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, that juror shall be excused as not qualified.' We must also adhere to the long standing principle 'that objective bias renders a juror *legally partial*, despite his claim of impartiality.' *Montgomery v. Commonwealth*, 819 S.W.2d 713, 718 (Ky.1991).

*Id.* (emphasis added).

During voir dire, defense counsel asked the venire panel whether they, their family, or any close personal friends were law enforcement officers. Juror Childers responded that he was a probation and parole officer. Defense counsel asked him whether his employment position would impact his ability to judge the case fairly and impartially, to which the juror responded, "No." Defense counsel then asked the juror, "if you happened to run into Detective

---

[2] The trial attorneys and the briefs on appeal refer to this juror by his name. The juror's number is unclear from the record. Therefore, a pseudonym is being used to protect his anonymity.

Dials later on and you had to render a verdict, say my client not guilty, would you feel like you would have trouble explaining that to him or anything like that?" Although the juror's response is inaudible from the tape, the Commonwealth's Attorney indicated at a bench conference immediately following this line of questioning that Juror Childers responded to both of defense counsel's questions in the negative.

As we stated in *Mills v. Commonwealth,* "the mere fact that a person is a current or former police officer is insufficient to warrant removal for cause. Additional evidence of bias must be shown." 95 S.W.3d 838, 842 (Ky. 2003) (internal citation omitted); *see also Brown v. Commonwealth,* 313 S.W.3d 577, 596-97 (Ky. 2010) (overruling defense motion to strike where potential juror was a law enforcement officer who had contact with the Commonwealth's Attorney's office and state police). Here, Appellant has failed to demonstrate any additional evidence of bias. Accordingly, the court did not abuse its discretion in denying the motion to strike.

### Directed Verdict

Appellant also asserts that he was entitled to a directed verdict of acquittal because no physical evidence was presented against him. In support, Appellant argues that the only evidence presented against him was the inconsistent, contradictory testimony of the victim, Andrew. We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt . . . ." *Commonwealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991) (citing

4

*Commonwealth v. Sawhill,* 660 S.W.2d 3 (Ky. 1983)) (emphasis added). Our review is confined to the proof at trial and the statutory elements of the alleged offense. *Lawton v. Commonwealth,* 354 S.W.3d 565, 575 (Ky. 2011).

The record establishes that the Commonwealth presented sufficient evidence that would allow the trier of fact to reasonably convict Appellant. As previously noted, Andrew, who was nineteen years old at the time of trial, testified to multiple instances of sodomy. His testimony was clear, detailed, and sincere. In addition, the recording of Appellant's phone conversation with Andrew was also presented to the jury. The recording confirmed much of Andrew's testimony. Therefore, it was not clearly unreasonable for the jury to convict Appellant.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Knott Circuit Court.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Roy Alyette Durham, II
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Todd Dryden Ferguson
Assistant Attorney General