RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0975-MR

CLIFFORD BROWN, JR.                                          APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 19-CR-00645

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Clifford Brown ("Brown") appeals his conviction of

robbery in the first degree and his eleven and one-half year sentence of

imprisonment.  Finding no error occurred, we affirm the judgment entered by the

trial court.

# STATEMENT OF FACTS

In April of 2019, the Cash Express in Elizabethtown was robbed. Clerk Tabitha Bowers (Bowers) told police that the robber at first asked about whether he might be able to secure a cash loan before pulling a gun from his pocket and demanding money. After telling the clerk to "hurry up" several times, the man grabbed the money he was handed and ran out of the store and down the street.

Bowers described the man to police as a black male wearing a yellow "Chaps" jacket and wearing white gloves with soiled fingertips and black writing. She was unable to identify the robber from a photo lineup, nor was she able to identify the Appellant at trial as the robber.

During the investigation, police concentrated their attention on the Appellant and a search warrant was executed for his residence. In the apartment, police found a yellow jacket and gloves matching Bowers' description. They also found the packaging for a semi-automatic black BB gun. Brown was charged with the robbery.

At the trial, following the presentation of the prosecution's case, defense counsel moved for directed verdict, focusing his argument on the gun involved. Counsel argued to the trial court that the BB gun alleged by the Commonwealth to have been used in the robbery was insufficient to meet the

statutory definition of a "deadly weapon" or "dangerous instrument" necessary for a robbery to be charged as a robbery in the first-degree. The trial court overruled the motion. The motion was renewed after the Appellant testified and was again denied. Brown was convicted by the jury of robbery in the first degree and was sentenced to serve a term of eleven and one-half years' imprisonment.

Brown appeals from his conviction. We affirm.

## ANALYSIS

## DIRECTED VERDICT

### Standard of Review

The standard of review on denial of a motion for directed verdict was stated clearly by the Kentucky Supreme Court in *Commonwealth v. Benham*:

> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

816 S.W.2d 186, 187 (Ky. 1991).

On appeal, Brown argues that there was insufficient evidence presented as to the identity of the robber, as the clerk did not identify Brown as the robber and was never able to select his photo from a lineup she was shown before the trial. However, Brown requested a directed verdict of acquittal at trial for a different reason than he argues to this Court. Brown argued at trial that the BB gun did not meet the statutory definition of deadly weapon or dangerous instrument.

He now argues on appeal that there is insufficient and only circumstantial evidence of guilt, never arguing to the trial court that the element of identity was lacking. Thus, the Commonwealth alleges that the Appellant failed to preserve the allegation of error for review by changing theories of error between trial and appeal. The Appellant requested palpable error review should this Court find the error unpreserved, which we do. We will review for substantial injustice pursuant to Kentucky Rule of Criminal Procedure (RCr) 10.26.

> Appellant however urges us to review the sufficiency of the Commonwealth's evidence under RCr 10.26 and alleges that the trial court's failure to direct a verdict of acquittal constituted palpable error. A palpable error is one of [sic] that "affects the substantial rights of a party" and will result in "manifest injustice" if not considered by the court, and "[w]hat it really boils down to is that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held nonprejudicial." We recognize not only that "the burden is on the government in a criminal case to prove every element of the charged offense beyond a reasonable doubt and that the failure to do so is an error of Constitutional magnitude," but also that the nature of the error alleged here is such that, if the trial court did, in fact, err by failing to direct a verdict of acquittal, that failure would undoubtably have affected Appellant's substantial rights. And, we likewise observe that the trial result necessarily would have been different if the trial court had directed a verdict in Appellant's favor. Accordingly, we examine the merits of Appellant's allegation.

*Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836-37 (Ky. 2003) (citations omitted).

Thus, if insufficient evidence was presented to the jury such that directed verdict should have been entered, that circumstance would amount to palpable error. Therefore, we will review Brown's allegations of error despite the lack of preservation.

Brown argues that Bowers was not consistent in her description of the robber she encountered at the Cash Express between the time of the robbery and the trial. To police investigating the robbery, she described the robber wearing a yellow jacket with "Chaps" emblazoned on it and dirty white gloves. At trial, Bowers testified that the jacket and gloves recovered from Brown's apartment were consistent with those worn by the robber, while acknowledging that she had been ambivalent about that statement earlier to police during the investigation, having told police that the jacket was not an exact match for the one worn by the robber. She described the robber as approximately her same height of 5'3"; however, Brown asserts he is actually 5'9."

> "The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a conviction be supported by proof of guilt beyond a reasonable doubt." *Gribbins v. Commonwealth*, 483 S.W.3d 370, 377 (Ky. 2016) (citing *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). In considering a motion for directed verdict, the trial court is required to "draw all fair and reasonable

-5-

> inferences from the evidence in favor of the Commonwealth." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). A directed verdict should not be granted if a reasonable juror could find that the elements of the offense were proven beyond a reasonable doubt. *Id*. "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id*. (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)).

*Murphy v. Commonwealth*, 509 S.W.3d 34, 42-43 (Ky. 2017).

Whether to give credence to Bowers' memory and testimony was properly left by the trial court to the jury, whose purview is witness credibility. "Questions about the credibility and weight to be given to any witness's testimony must be left for the jury to decide." *Proffitt v. Commonwealth*, No. 2019-SC-0173-MR, 2020 WL 6391109, at *2 (Ky. Oct. 29, 2020).[1] The trial court's role was to adjudge the evidence presented in the light most favorable to the Commonwealth, and if sufficient evidence were presented, to deny directed verdict. The trial court found the evidence sufficient and denied the motion, albeit for different grounds than argued on appeal.

The trial court clearly did not err in finding that the Commonwealth presented sufficient evidence to present the question to the jury, looking at the evidence in a light favorable to the Commonwealth. It was up to the jury to

---

[1] According to Court records, this opinion became final on 11/19/2020.

determine whether to find Bowers' testimony sufficiently credible, and it did so. Clearly, no palpable error occurred.

## 404(b) EVIDENCE

### Standard of Review

Brown also argues that the trial court erred in allowing the prosecution to introduce a BB gun recovered from his apartment several days after the robbery, characterizing the evidence as Kentucky Rules of Evidence (KRE) 404(b) "other bad acts" evidence. KRE 404(b) requires a notice of intent to introduce such evidence and also requires the trial court to engage in a balancing test to ensure that the probative value of such evidence outweighs any prejudicial effect on the accused that the evidence might imbue. *Bell v. Commonwealth*, 875 S.W.2d 882, 889-91 (Ky. 1994). In engaging in the test, a trial court must first ensure the evidence is relevant to the crime charged, that it is probative as to the crime charged, and, lastly, does the probative nature of the evidence outweigh any prejudice to the accused. Brown argues the trial court failed to properly engage in the analysis for allowing the BB gun to be introduced at trial. The decision whether to admit evidence at trial is adjudged for an abuse of discretion. *Childers v. Commonwealth*, 332 S.W.3d 64, 68 (Ky. 2010), *abrogated on other grounds by Allen v. Commonwealth*, 395 S.W.3d 451 (Ky. 2013). An abuse of discretion occurs when a decision by the trial court is "arbitrary, unreasonable, unfair or

unsupported by sound legal principles." *Id.* (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

While not specifically finding that the introduction of the BB gun amounted to the introduction of "other bad acts evidence," we hold that, in any event, the BB gun was relevant to the crime charged because the clerk alleged that a black gun was displayed by the robber during the crime. The BB gun introduced was recovered by police when Brown ditched it running from police during a different crime and the gun matched the description given police by the clerk.[2] Brown's argument is unpersuasive. The gun was relevant to the crime charged and its introduction was not more prejudicial than probative, particularly since the jury was never informed of the circumstances surrounding its discovery.

## CONCLUSION

We find no palpable error occurred when the jury was charged with determining guilt, sufficient evidence of such having been adduced. Further, we are not persuaded that the introduction of the BB gun was prejudicial. The conviction is affirmed.

ALL CONCUR.

---

[2] The jury was not told that the gun was recovered after the commission of a different crime.

BRIEFS FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky