RENDERED:  FEBRUARY 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0338-MR

NATHAN BROCK                                                APPELLANT

|  | APPEAL FROM BOONE CIRCUIT COURT |
|---|---|
| v. | HONORABLE RICHARD A. BRUEGGEMANN, JUDGE |
|  | ACTION NO. 22-CR-00623 |

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

JONES, L., JUDGE:  Nathan Brock brings this appeal from a March 11, 2024 Final Judgment and Sentence on Plea of Not Guilty – Jury Trial adjudicating him guilty of one count of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities.  We affirm.

Brock was indicted by a Boone County Grand Jury upon one count of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual

Activities (KRS[1] 510.155) and two counts of Possession of Matter Portraying a Sexual Performance by a Minor (KRS 531.335). The charges stemmed from a criminal complaint wherein it was alleged that Brock solicited sexual intercourse and nude photographs from his then twelve to thirteen-year-old biological daughter, J.B. More particularly, it was alleged that Brock asked J.B. to have sexual intercourse with him over a messaging application on his phone and if she would get naked in front of him and take nude pictures.

A jury trial ensued. Brock moved for a directed verdict of acquittal at the close of the Commonwealth's case and timely renewed the motion thereafter. The jury found Brock guilty of one count of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities and not guilty of two counts of Possession of Matter Portraying a Sexual Performance by a Minor. Brock was sentenced to a one-year term of imprisonment with a five-year period of conditional discharge. This appeal follows.

Brock contends the trial court erred by denying his motion for a directed verdict of acquittal upon Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities. More particularly, Brock argues there was insufficient evidence presented at trial that the message he sent J.B. was "for the purpose of procuring or promoting . . . a sexual performance." Brock's Brief at 11.

---

[1] Kentucky Revised Statutes.

-2-

Rather, Brock contends he asked J.B. to send him the sexually explicit pictures he believed she had sent to a boy in order to get J.B. to admit she had done so.

The standard of review applied to a motion for directed verdict in a criminal action was set forth by the Kentucky Supreme Court in *Commonwealth v. Benham*, 816 S.W.2d 186 (Ky. 1991):

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Id.* at 187; CR[2] 50.01.

Upon appellate review, "the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then is the defendant entitled to a directed verdict of acquittal." *Id.* at 187. This Court must also "be mindful of the rule that '[c]redibility and weight of the evidence are matters within the exclusive province of the jury.'" *Reynolds v. Commonwealth*, 113 S.W.3d 647, 650 (Ky. App. 2003) (quoting *Commonwealth v. Smith*, 5 S.W.3d 126, 129 (Ky. 1999)). And a "trial court is certainly authorized to

---

[2] Kentucky Rules of Civil Procedure.

-3-

direct a verdict for the defendant if the prosecution produces no more than a mere scintilla of evidence. Obviously, there must be evidence of substance." *Commonwealth v. Sawhill,* 660 S.W.2d 3, 5 (Ky. 1983). Our review proceeds accordingly.

Brock was indicted upon one count of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities and was convicted of same. Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities is codified at KRS 510.155, which provides, in relevant part:

> (1) It shall be unlawful for any person to knowingly use a communications system, including computers, computer networks, computer bulletin boards, cellular telephones, or any other electronic means, for the purpose of:
>
> (a) Procuring or promoting the use of a minor . . .
>
> . . .
>
> for any activity in violation of KRS 510.040, 510.050, 510.060, 510.070, 510.080, 510.090, 510.100, 529.100 where that offense involves commercial sexual activity, or 530.064(1)(a), or KRS Chapter 531.
>
> . . .
>
> (4) The solicitation of a minor through electronic communication under subsection (1) of this section shall be prima facie evidence of the person's intent to commit the offense, and the offense is complete at that point without regard to whether the person met or attempted to meet the minor.

In the case *sub judice*, the evidence presented a reasonable basis for the jury finding that Brock was guilty of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activity. Evidence indicated that Brock learned that J.B. had been given a cell phone by a friend after Brock had smashed J.B.'s phone. J.B. testified that after Brock learned about the phone, he told her that he would not tell her mom about it if J.B. kept his secret. According to J.B.'s testimony, the secret was that Brock wanted to see J.B. naked. J.B. initially thought Brock was joking but he made the request twice: once in person and once through text. J.B. further testified that Brock then began messaging her through the Discord application. An exhibit introduced at trial revealed the following conversation between J.B. and Brock:

> Brock: Can I see now? Pls?
>
> J.B.: [Three days later J.B. responded] No
>
> Brock: Answered (sic) me shit head
>
> J.B.: Because I said so
>
> J.B.: Okay and ?
>
> J.B.: I don't wanna show you
>
> J.B.: God just please stop asking
>
> Brock: cya
>
> Brock: Good night.

Commonwealth's Trial Exhibit 1.

A few weeks after the above messages were sent, Brock again messaged J.B. through Discord and asked if she wanted to wrestle. Commonwealth's Exhibit 2. J.B. testified that when she and Brock would wrestle in her bedroom, Brock would take her phone and would refuse to give her access to it unless she took off her bra. J.B. further described Brock picking her up, putting her on the bed, and pulling her down the bed by her legs. If this caused her shirt to ride up, Brock would tell her not to worry about it. J.B. also testified that if she tried to leave the bedroom Brock would lock the door and block her from leaving through the bathroom. J.B. additionally described two occasions when Brock smacked her on the buttocks and flicked her breasts.

One day during school recess, J.B. told a friend what Brock had been doing to her. The friend apparently reported the information, and a school counselor became involved. The counselor passed the information to the school resource officer. Later the same day, a detective with the Boone County Sheriff's Office was assigned to investigate the allegations and spoke with J.B. Subsequently, the detective spoke with Brock in a recorded interview that was played for the jury. In the video, Brock admitted to asking J.B. for the nude pictures through the Discord app but claimed he was only doing so to test her. Brock also admitted he asked to see J.B.'s breast once while in her room and once

through Discord; he claimed, however, that he "really didn't mean anything by it." VR 12/11/23, 4:19:42.

Considering the evidence as a whole, we conclude that sufficient evidence was presented to induce a reasonable juror to believe beyond a reasonable doubt that Brock was guilty of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual or Other Activities. Therefore, the trial court properly denied Brock's motion for a directed verdict of acquittal.

Brock contends that the trial court erred by denying his motion for a directed verdict of acquittal as he did not intend to receive a sexually graphic photograph of J.B. This contention ignores the plain language of KRS 510.155(4) which clearly states that soliciting a minor through electronic communication under subsection (1) of KRS 510.155 "shall be prima facie evidence of the person's intent to commit the offense, and the offense is complete at that point. . . ." It is irrelevant whether Brock ever received the picture he requested from J.B.; what is relevant is that he solicited a minor through electronic communication to provide the picture. Thus, Brock's contention is without merit.

Brock's final contention is that KRS 510.155 is unconstitutional as applied to his conduct. More particularly, Brock asserts that his conduct occurred "almost exclusively offline . . . and the presence of a single ambiguous text message was not sufficient to establish a violation of KRS 510.155." Brock's Brief at 14.

Brock concedes this issue was not raised before the trial court and seeks review pursuant to the palpable error rule of RCr[3] 10.26.

In response, the Commonwealth asserts that Brock did not notify the Attorney General of the constitutional challenge as mandated by KRS 418.075. As such, the Commonwealth maintains Brock is barred from raising on appeal the constitutional challenge to this statute. For the foregoing reason, we agree.

KRS 418.075 provides, in relevant part:

> (1) In any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard[.]

And, also relevant is CR 24.03 which reads, in relevant part:

> When the constitutionality of an act of the General Assembly affecting the public interest is drawn into question in any action, the movant shall serve a copy of the pleading, motion or other paper first raising the challenge upon the Attorney General.

KRS 418.075 and CR 24.03 both mandate the Attorney General must be served with notice of a constitutional challenge to a statute. The precedent established by the Kentucky Supreme Court is clear – KRS 418.075 and CR 24.03 must be strictly complied with when challenging the constitutionality of a statute. *Brashars v. Commonwealth*, 25 S.W.3d 58 (Ky. 2000); *Benet v. Commonwealth*,

---

[3] Kentucky Rules of Criminal Procedure.

253 S.W.3d 528 (Ky. 2008). In fact, the Supreme Court specifically held "that strict compliance with the notification provisions of KRS 418.075 is mandatory" and that such notice shall "be given to the Attorney General prior to the entry of judgment." *Benet,* 253 S.W.3d at 532. If a party does not strictly comply with the notification requirements of KRS 418.075 and CR 24.03, the constitutional challenge is unpreserved, and it will not be reviewed upon the merits. *Brashars*, 25 S.W.3d 58; *Benet*, 253 S.W.3d 528.

In this case, it is undisputed that Brock failed to notify the Attorney General of his constitutional challenge to KRS 510.155 before entry of the trial court's judgment. Therefore, we determine that his constitutional challenge to the statute is unpreserved for our review. Consequently, we will not address the merits of Brock's argument that KRS 510.155 is unconstitutional.

In sum, we believe the trial court properly denied Brock's motion for a directed verdict. And we view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, the March 11, 2024 Final Judgment and Sentence on Plea of Not Guilty – Jury Trial entered in the Boone Circuit Court adjudicating him guilty of Unlawful Use of Electronic Means to Induce a Minor to Engage in Sexual Activities is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timothy G. Arnold
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky