RENDERED:  JUNE 5, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1099-MR


JOSHUA L. WARD                                                    APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE SARAH E. CLAY, JUDGE
                        ACTION NO. 19-CR-001952


COMMONWEALTH OF KENTUCKY                                           APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND EASTON, JUDGES.

CETRULO, JUDGE:  Joshua Lee Ward ("Ward") brings this appeal from a

judgment based upon a jury verdict (and an agreement as to sentencing) following

his conviction of knowing exploitation of an adult over $300 and theft by unlawful

taking over $1,000.  Ward presents only one argument on appeal.[1]  He argues that

---

[1] The parties previously briefed an issue regarding a restitution error, which this Court addressed
through a show cause order on April 24, 2026.  Based on the responses to that order and an
agreed order entered below amending the restitution amount, we have now declined to address

the trial court erred by denying his motion for a directed verdict on the charge of knowing exploitation of an adult. We affirm.

## FACTUAL BACKGROUND

In 2013 or 2014, Ward moved next door to Hank Strong ("Hank"), a retired postal worker and veteran. Ward was quite a bit younger than Hank and as Hank became unable to physically manage all the household tasks, he paid Ward and his wife to help him out several days a week. Even after Ward moved away, he continued to visit Hank and "help him out." In January 2019, during a winter storm, Hank fell outside his home where he remained for three or four hours until a neighbor called 911. Due to this prolonged exposure to the cold, Hank suffered severe frostbite. He required emergency surgery related to a preexisting medical condition and admission to the intensive care unit.

Upon discharge from the hospital, Hank entered a rehabilitation facility until he insisted on returning to his home. Over the ensuing months, Hank's health quickly deteriorated. In mid-April, hospice services were initiated. Hank remained in hospice care until he passed away in May 2019.

After Hank's fall in January 2019, his adult children became more and more involved in his care, which included monitoring his finances. Suspicions

---

that issue by separate order. Likewise, we note the clerical error in the circuit court's judgment regarding the theft charge but decline to address that issue on this appeal as it was not raised below and is now moot.

were heightened after one of Hank's daughters noticed charges on his credit cards while he was in the hospital on a ventilator and incapacitated. She ran a credit report and discovered several credit cards in her father's name but with charges made by Ward. A search of Ward's Facebook page and online marketplace listings revealed instances when Ward either possessed or attempted to sell items that belonged to Hank or were purchased with his credit cards. The Louisville Metro Police would eventually execute a search warrant for Ward's home to retrieve some of these items, and a detective with the investigation later testified that Ward admitted to owing Hank approximately $6,000 to $10,000.

Following Ward's arrest, a grand jury indicted him for knowing exploitation of an adult over $300, fraudulent use of a credit card over $10,000, and theft by unlawful taking over $500.[2]

Ward's case proceeded to a jury trial in November 2021. At trial, Ward testified that Hank had given him credit cards to use freely and that he had worked hard for everything he charged on Hank's credit cards. Hank's children testified that they gained access to his bank accounts and credit card statements and obtained receipts for purchases by Ward ranging from candy and cigarettes to

---

[2] Between Ward's indictment in 2019 and jury trial in 2021, the General Assembly amended the felony threshold for theft by unlawful taking from $500 to $1,000. *See* Kentucky Revised Statute ("KRS") 514.030(2)(e) (2021). Prior to his jury trial, Ward filed a motion pursuant to KRS 446.010 opting to proceed under KRS 514.030 as amended in 2021.

payments for rental storage units and his own personal bills.  At one point while Hank was in the hospital, Ward changed the locks to Hank's house and took his wallet, cellphone, and computer.  Through text messages, Ward ultimately admitted to one of Hank's children that he did owe Hank money, but continued to assert that he was entitled to compensation for helping Hank.  Hank's son testified that he reviewed Ward's Facebook page and found photos of Hank's items listed for sale by Ward, including an air compressor, a depth finder, and a gun scope, as well as guitars and other items that Ward had purchased using Hank's credit cards.  The Commonwealth also called witnesses from local stores who provided testimony and video surveillance of Ward making transactions on Hank's accounts.

After three days of trial, the jury convicted Ward of knowing exploitation of an adult over $300 and theft by unlawful taking over $1,000.[3]

---

[3] Shortly after concluding the guilt phase of the trial, the parties discussed a resolution of the matter, outside of the presence of the jury.  The Commonwealth described the resulting agreement as follows:

> Judge, the Commonwealth's offering, I believe they've accepted, we're going to . . . I'm sorry.  We're going to recommend the minimum sentence, Your Honor, five years, concurrent with one year, for a total of five years, the Commonwealth is going to be objecting to probation at sentencing.  They're also agreeing to a restitution order of $6,000 to the estate of Hank Strong.  The Commonwealth is also going to make a motion to revoke the defendant's bond today.  I told them that earlier.  So that's, that's all the conditions on the table.

Ward was then sworn in, acknowledging his waiver of jury sentencing and agreement to these terms.  The court dismissed the jury based on this sentencing agreement, remanded Ward into custody, and set his bond at $12,000, with home incarceration if the bond was posted.  A

## ANALYSIS

Ward's remaining argument on appeal is that the Commonwealth failed to meet its burden of proving that Hank was an "adult" unable to manage his own affairs or to protect himself from abuse, neglect, or exploitation as required under KRS 209.020(4). He further asserts that the evidence was insufficient to establish that Ward "exploited" or "deceived" Hank by taking his property or using his credit cards because Hank had permitted him to do so long before his medical issues.

"On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)). "In ruling on the motion for directed verdict, we look at the evidence the Commonwealth presented at trial to decide whether it was unreasonable for the jury to find Appellant guilty under the . . . statute." *Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011).

---

sentencing hearing was scheduled for January 14, 2022, to allow for the preparation of a presentence investigation report. Ward posted bond the next day, but then cut off his ankle monitor and did not appear for his sentencing date. He was finally arrested two years later and began his incarceration.

Having "looked at the evidence the Commonwealth produced" in this case, we have no issue with the trial court's denial of a directed verdict. The indictment was specific in its timing of the charges. Ward was charged with committing acts from January 19, 2019 through Hank's death in May 2019. The timing of the acts alleged against Ward directly coincided with Hank's fall in January and his subsequent hospitalization and care. The Commonwealth presented testimony from all of Hank's children, including evidence of credit card transactions while he was on a ventilator and incapacitated. The jury heard evidence that Ward's spending on Hank's cards during this time frame even exceeded Hank's monthly income from social security and military retirement. When Hank was discharged from the rehabilitation facility and insisted on going home, he fell on two more occasions, requiring 24-hour care. Adult protective services, a social worker from Veteran's Affairs, and his children were all working to provide him the care he required in his final months.

Ward refers us to no authority nor evidence to support his assertion that Hank was able to manage his own affairs during this time period or that the Commonwealth did not prove deception on his part. In contrast, the Commonwealth relies upon our Supreme Court's decision in *Roach v. Commonwealth*, 313 S.W.3d 101 (Ky. 2010), which we find indistinguishable. In *Roach*, the defendant was similarly charged with exploitation of an adult under

KRS 209.990(5) and similarly argued insufficient evidence that the adult therein was unable to handle her own affairs. *Id.* at 106. Our Supreme Court disagreed, noting that the very fact there was evidence she required assistance with daily activities was sufficient for the case to proceed to a jury. *Id.* Just as in *Roach*, Ward's crimes were discovered when the family had to get involved in Hank's finances due to his medical issues. The statutes allow for finding exploitation if the adult suffers from either mental or physical limitations. *Id.* (citing KRS 209.990(5); KRS 209.020(4); KRS 209.020(9)). Further, it was clearly a jury question as to whether Ward was given unlimited access to Hank's credit cards prior to his illness, or whether he abused any permission given by deceit. Ward's own testimony was contradictory on these issues. Given our standard for review of rulings on motions for directed verdict, we find no error in the denial of the motion herein.

## CONCLUSION

Accordingly, we find no error and AFFIRM the judgment of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Dailey
Timothy G. Arnold
Assistant Public Advocates
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky