**John D. DEBOY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2005–CA–001182–MR.

Court of Appeals of Kentucky.

Jan. 5, 2007.

Case Ordered Published by Court of Appeals Jan. 26, 2007.

---

Donald H. Morehead, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, KY, for appellant.

Before ABRAMSON and GUIDUGLI,[1] Judges; BUCKINGHAM,[2] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge.

John D. Deboy appeals from a final judgment of the Whitley Circuit Court sentencing him to five years in prison for the crime of possession of a handgun by a convicted felon, a Class C felony, in violation of Kentucky Revised Statutes (KRS) 527.040(1). Deboy challenges both the admissibility and sufficiency of the evidence used to convict him. We affirm.

On April 29, 2003, a Williamsburg police detective stopped a vehicle being driven by Deboy after observing him driving and believing, based on a traffic stop of Deboy a few months earlier, that Deboy was driving on a suspended license. Two passengers were in the vehicle, including Daniel Brown, Deboy's girlfriend's son. While patting down and arresting Deboy for the offense of driving on a suspended license, the officer noticed "a lot of movement in the vehicle from the other two passengers."

After arresting Deboy and removing the passengers and patting them down, the

---

1. Judge Daniel T. Guidugli concurred in this opinion prior to the expiration of his term of office on December 31, 2006. Release of the opinion was delayed by administrative handling.

2. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

officer conducted a search of the vehicle. The officer found three handguns, including a fully loaded nine-millimeter handgun found under the driver's seat. Another fully loaded handgun was found under the front passenger's seat, and a third fully loaded handgun was found under a blanket in the back seat. All three of the vehicle's occupants were charged with carrying a concealed deadly weapon, and Deboy was charged with driving on a suspended license and possession of a handgun by a convicted felon.

In early 2005, Deboy was tried by a jury for the possession of a handgun by a convicted felon charge. The Commonwealth called the officer and Brown as witnesses. Brown testified that he had borrowed Deboy's vehicle earlier and had put the handguns in the places where they were found and had failed to remove them before returning the vehicle to Deboy. Brown stated that Deboy had no knowledge of the presence of the handguns in the vehicle at the time of his arrest. When Deboy testified, he likewise stated that he did not know there were guns in the vehicle.

Deboy moved the court for a directed verdict at the appropriate times during the trial, but the court denied his motions. The jury found Deboy guilty, and the court sentenced him to five years in prison pursuant to the jury's verdict. This appeal by Deboy followed.

Deboy argues that the court erred in two ways in denying his motion for a directed verdict. First, he contends that the court should have directed a verdict in his favor because the traffic stop was illegal. Second, he asserts that the court should have granted his directed verdict motion because the evidence used to convict him was insufficient.

■ Concerning the legality of the traffic stop, Deboy states that the officer did not have "reasonable suspicion" to believe he was engaged in criminal activity and thus the officer was legally prohibited from making the stop. *See Simpson v. Commonwealth*, 834 S.W.2d 686, 687 (Ky. App.1992), *citing Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Deboy contends that the mere fact the officer knew his license was suspended a few months earlier did not give the officer grounds to stop him since he could have received his license back in the interim unbeknownst to the officer.

In *Taylor v. Commonwealth*, 987 S.W.2d 302, 305 (Ky.1998), the Kentucky Supreme Court stated, "In order to justify an investigatory stop of an automobile, the police must have a reasonable articulable suspicion that the persons in the vehicle are, or are about to become involved in criminal activity." *See also Creech v. Commonwealth*, 812 S.W.2d 162, 164 (Ky.App.1991). The Taylor court further held, "In order to determine whether there was a reasonable articulable suspicion, the reviewing appellate court must weigh the totality of the circumstances." *Id.*

Deboy cites *Collier v. Commonwealth*, 713 S.W.2d 827 (Ky.App.1986), to support his argument. Therein, the court held that the prior record of a suspect can never, standing alone, justify a *Terry* stop. *Id.* at 828. Since the officer did not stop Deboy for any reason other than his belief that he was driving on a suspended license, Deboy argues that the stop was illegal.

The *Collier* case is not persuasive authority to support Deboy's argument. Here, the officer did not stop Deboy because of his prior record. Rather, the officer made the stop because he believed that Deboy was committing the offense of driving on a suspended license.

The Commonwealth acknowledges that the length of time between the officer's knowledge of the suspended license and

the stop may render the information too stale to be objectively reasonable to rely upon to support a reasonable suspicion of unlawful activity. However, it argues that the officer's knowledge in this case was not stale and created a reasonable suspicion that Deboy was driving on a suspended license.

In reviewing the trial transcript, it is not clear how long before the stop the officer knew that Deboy's license was suspended. The officer testified that "[I]t wasn't a long time, but I'm not sure." In response to a question as to whether it may have been several months, the officer replied, "No, it wasn't several months."

"Appellate courts in other jurisdictions have consistently held that an officer's knowledge that a driver's license was suspended at some relatively recent time is sufficient to create reasonable suspicion of unlawful activity and support an investigatory stop of the vehicle." *State v. Deco-teau*, 681 N.W.2d 803, 806 (N.D.2004). We agree with this view. Further, in light of the officer's testimony as to when he knew Deboy's license was suspended, we find no error in the court's determination that reasonable suspicion existed for the officer to make the stop.

■ There is a second reason to reject Deboy's argument in this regard. The Commonwealth contends, and we agree, that Deboy waived any error concerning the legality of the stop by not either filing a suppression motion and requesting a hearing or objecting to the admission of the evidence when it was presented at trial. Deboy acknowledges that he did not raise an objection in either of those ways. However, he contends that his directed verdict motion preserved the error since he cited the illegality of the stop in support of his directed verdict motion. He states that his objection was timely because the officer's testimony had "not been admitted

into evidence until the trial judge rules on Mr. Deboy's motion for a directed verdict." He also states that "the trial court was free to and, should have *sua sponte,* construed Mr. Deboy's motion for a directed verdict as a concurrent objection to the introduction of testimonial evidence concerning the stop and a motion for a directed verdict."

Kentucky Rule of Criminal Procedure (RCr) 9.78 governs the procedure for objecting to the admissibility of the fruits of a search. The rule states that the objection must be made either before trial or during the trial. The rule further states that the objection must be "timely."

We conclude that Deboy's objection to the admissibility of the evidence was not timely because it was not made either before trial or at the appropriate time during the trial. The proper time for objecting during the trial was when the Commonwealth sought to introduce the testimony of the officer, not during the directed verdict motion. As there was no contemporaneous objection to the admissibility of the evidence, Deboy did not preserve the issue for appellate review. *See Dickerson v. Commonwealth,* 174 S.W.3d 451, 471 (Ky.2005). *See also* Kentucky Rule of Evidence (KRE) 103(a)(1).

■ Deboy's second argument is that the evidence used to convict him was insufficient and that the court should have granted a directed verdict in his favor. He contends that the Commonwealth did not prove he had knowledge the handguns were in the vehicle. Rather, he states that the uncontroverted evidence was that he did not have such knowledge. He cites to the testimony of Brown, his girlfriend's son, who was called by the Commonwealth as a witness. In response, the Commonwealth maintains that the evidence was sufficient because it proved Deboy had

constructive possession of at least the handgun under his seat.

■ In order to convict Deboy, the Commonwealth had the burden of proving that he possessed a handgun and had previously been convicted of a felony. *See* KRS 527.040(1); *Johnson v. Commonwealth,* 90 S.W.3d 39, 42 (2002). "Possession may be proven through either actual possession or constructive possession." 90 S.W.3d at 42. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control of an object, either directly or through others." *Id.,* quoting from *United States v. Kitchen,* 57 F.3d 516, 520 (7th Cir.1995).

■ "[P]roof that a defendant has possession and control of a vehicle is evidence to support a conviction for constructive possession of contraband found within the vehicle." *Burnett v. Commonwealth,* 31 S.W.3d 878, 880 (Ky.2000), *citing Leavell v. Commonwealth,* 737 S.W.2d 695 (Ky. 1987). As noted in *Dixon v. Commonwealth,* 149 S.W.3d 426 (Ky.2004), this is in accordance with the general rule that "[t]he contents of an automobile are presumed to be those of one who operates it and is in charge of it, and this applies particularly where the operator is also the owner, as here." *Id.* at 429, *quoting from Chambers v. State,* 162 Ga.App. 722, 293 S.E.2d 20, 21 (1982).

Here, the evidence was sufficient to support the conviction based on Deboy's constructive possession of the handgun. Deboy was the owner and operator of the vehicle, and the handgun was found under the seat where he had been sitting. The trial court properly denied Deboy's motion for a directed verdict.[3]

The judgment of the Whitley Circuit Court is affirmed.

ALL CONCUR.

---

**3.** "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Common-* *wealth v. Benham,* 816 S.W.2d 186, 187 (Ky. 1991).