**Jason R. HANEY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2015-CA-001552-MR**

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER 23, 2016

BRIEF FOR APPELLANT: Wendy Anderson, Lexington, Kentucky, Jerry Anderson, Lexington, Kentucky

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, Kentucky

BEFORE: JONES, D. LAMBERT, AND MAZE, JUDGES.

## OPINION

### D. LAMBERT, JUDGE:

Jason Haney appeals his conviction resulting from the entry of an *Alford* plea conditioned on that right. The Morgan Circuit Court denied his motion to suppress certain evidence. He presents the following issues: whether the evidence adequately established his constructive possession of evidence seized in a search of the garage he occupied at the time of the search, and whether the arresting officer had a sufficient basis for conducting a pat down of his person. After careful review and finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 25, 2013, the Drug Enforcement Agency referred a complaint to the Kentucky State Police regarding the manufacture of methamphetamines at the residence of Melissa Hunley and her boyfriend, Chalmer Bolin. Trooper John Michael Gabbard conducted the investigation of the complaint at the scene, first informing Hunley of the nature of the complaint, then obtaining her permission to search the residence.

During his search, which had to this point yielded only drug paraphernalia, Gabbard encountered a locked interior door, beyond which he could hear music playing. He asked Hunley what room lay beyond the door, and Hunley replied that it was the garage. Gabbard then asked if anyone was in the garage, to which Hunley initially feigned ignorance. Gabbard knocked on the door, receiving no response. Upon Gabbard's request Hunley then unlocked the door using a key.

Upon opening the door, Gabbard noticed a "very pronounced" chemical odor, characteristic of the manufacture of metham-

phetamines. He observed a truck, some chairs, a workbench, and Haney. In plain view under the workbench, Gabbard located two plastic twenty-ounce bottles. Testimony offered at the suppression hearing revealed these bottles were smoking, indicating they were both active "one-step" meth labs. Also in the garage, in a plastic bin, Gabbard located various other precursor materials.

As the trial court noted, the record becomes ambiguous as it relates to the pat-down search of Haney's person. Gabbard testified that he searched Haney out of concerns for officer safety. The trial court noted that Gabbard's testimony "initially indicat[ed] that the Defendant was not under arrest at the time of the pat down, Sgt. Gabbard later clarified that the search was incident to the Defendant's arrest." The pat-down search resulted in the discovery of a small plastic bottle containing marijuana seeds, but no evidence relating to the manufacture of methamphetamines.

A grand jury indicted Haney for manufacturing methamphetamines, first offense.[1] Haney filed a motion to suppress the evidence seized in the search of the garage and of his person. Following a hearing, the trial court entered its "Findings of Fact, Conclusions of Law, and Order" denying the motion on September 24, 2014. Therein the trial court was vexed as to what relief was actually sought by Haney in relation to the pat-down search, as he had not been charged in connection with the fruits of that search, but nonetheless analyzed the search under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and *Frazier v. Commonwealth*, 406 S.W.3d 448 (Ky.2013).

The matter proceeded to trial, and ended in a hung jury. Thereafter, Haney elected to enter a conditional *Alford* plea, reserving the right to the instant appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

■ When examining a ruling on a motion to suppress, appellate courts look first to the trial court's findings of fact. If not clearly erroneous, they are conclusive. Next, any issues of law are reviewed *de novo*. *Frazier* at 452–53.

### B. THE EVIDENCE PRESENTED IN THE SUPPRESSION HEARING SUPPORTS A CONCLUSION THAT HANEY WAS IN CONSTRUCTIVE POSSESSION OF THE EVIDENCE SEIZED

■ The Sixth Circuit defined "constructive possession" as the situation where "when a person does not have actual possession but instead *knowingly* has the power and the *intention* at a given time to exercise dominion and control over an object, either directly or through others." *U.S. v. Bailey*, 553 F.3d 940, 944 (6th Cir.2009) (quoting *U.S. v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973)) (emphasis in original). Constructive possession, much like actual possession, may be proven by circumstantial evidence. *Id.* But, physical proximity to an area where drugs are found is insufficient on its own to support a finding that an accused had constructively possessed those drugs. *U.S. v. Gordon*, 700 F.2d 215, 217 (5th Cir.1983). Further, the theory of constructive possession requires specific intent on the part of the accused. *Bailey* at 945 (citing *U.S. v. Newsom*, 452 F.3d 593 (6th Cir.2006)).

---

1. Haney was not charged with any offense related to the marijuana discovered in the pat-down search.

■ Where an accused denies knowledge of the thing allegedly under his control, it falls upon the prosecution to prove two elements: first, that the accused knew the thing was present, and second, that the accused intended to exercise dominion or control over it. *Bailey* at 945 (citing *U.S. v. Jones*, 484 F.3d 783, 788 (5th Cir.2007)).

■ Much like the defendant in *Bailey*, Haney argues that he lacked knowledge of the presence of the items in question, and that (because he did not own the residence) he could not have exercised exclusive dominion or control over them. This position finds no support in the circumstantial evidence. The evidence of record shows that Haney had locked himself in an unventilated room with two meth labs which were actively generating noxious fumes so strong they were readily apparent to Gabbard upon merely opening the locked door. This fact supports an inference that Haney knew of the two meth labs. Further, the locking of the door amply supports an inference that Haney intended to exclude all others—even the owners of the residence—from entry into the garage, and thus controlling all personalty found inside.

This is not an instance of mere proximity, rather it is a situation where the evidence adequately supports the conclusion that Haney both knew the items were present and intended exclusive control over them. The circumstantial nature of the evidence renders it no less inculpatory. The trial court properly denied Haney's motion as it related to the search of the garage.

## C. THE TRIAL COURT COMMITTED NO ERROR AS IT RELATED TO THE RESULTS OF THE SEARCH OF HANEY'S PERSON

The trial court noted the lack of clarity of Haney's position in regard to the pat-down search in its order. Indeed, even after Haney was given the opportunity to clarify his position in his brief to this Court, the fog remains. Haney has in no way addressed how the allegedly illegal search of his person—which yielded no evidence giving rise to his indictment—could possibly have any effect whatsoever on the evidence against him at trial. Even assuming the search was illegal under *Terry*, the marijuana seeds would be excluded as irrelevant evidence in Haney's trial for the sole offense of manufacturing methamphetamines.

This Court is as perplexed as the trial court as to what relief Haney seeks or to which he may be entitled on this issue. We can find none. Nor can we find error in the trial court's ruling.

## III. CONCLUSION

Having reviewed the record and the arguments of the parties, we find no error in the trial court's rulings. The evidence supported a conclusion that Haney constructively possessed the evidence seized, and he stated no valid claim for relief under *Terry*. The judgment of the Morgan Circuit Court is, therefore, affirmed.

MAZE, JUDGE, CONCURS.

JONES, JUDGE, CONCURS AND FILES A SEPARATE OPINION.

JONES, JUDGE, CONCURRING.

While I wholeheartedly agree with the result reached by the majority, I write separately to reiterate that suppression of evidence is a judicially created remedy where there has been a Fourth Amendment violation as related to the evidence; I do not believe "lack of possession" is an appropriate basis on which to move for

suppression.[2] As explained by the majority, Haney did not contest Hunley's authority to consent to the search of her residence. The evidence discovered in the garage was in plain view of the officer when Hunley voluntarily allowed him to access that area. Haney failed to articulate any violation of his Fourth Amendment rights in connection with the evidence discovered in the garage. As such, there was no basis upon which to suppress that evidence.

The appropriate time for a defendant to rely on lack of possession is at the conclusion of the evidence.[3] If the defendant believes that the Commonwealth has failed to prove the element of possession, he should move for a directed verdict. *See Deboy v. Commonwealth*, 214 S.W.3d 926, 930 (Ky.App.2007). Upon the defendant making such a motion, the trial court then considers all the evidence presented and decides whether "a reasonable juror could have believed beyond a reasonable doubt that appellant had [actual or] constructive possession" of the instrumentalities of the crime. *Houston*, 975 S.W.2d at 928. Either the Commonwealth presents evidence that shows the defendant was in possession or it does not. The evidence itself, however, is admissible. The question for the trial court is one of sufficiency of the evidence, not its admissibility. Based on the record, it seems highly unlikely that Haney would have prevailed on a directed verdict had the case gotten that far. Suffice to say, at the preliminary stage, there was no ascertainable reason for the trial court to have excluded the evidence in question as Haney's Fourth Amendment rights were not violated.

**2.** "The dual purpose of the exclusionary rule has historically been to deter police misconduct by excluding evidence obtained in violation of the Fourth Amendment to the U.S. Constitution, as well as to encourage compliance with the constitutional protection against unreasonable searches and seizures." *Hensley v. Commonwealth*, 248 S.W.3d 572, 577 (Ky.App.2007).

**3.** Kentucky courts have long used "the constructive possession concept to connect defendants to illegal drugs and contraband." *Hous-* *ton v. Commonwealth*, 975 S.W.2d 925, 927 (Ky.1998). "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control of an object, either directly or through others." *Johnson v. Commonwealth*, 90 S.W.3d 39, 42 (Ky.2003) (citing *United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995)) (quoting *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir.1990)).