MAZE, JUDGE:
On March 28, 2017, a Russell County grand jury returned an indictment charging *925 Brandon Jones and a co-defendant, Tabitha Morgan, with three counts of trafficking. The first count was for first-degree trafficking in methamphetamine (second or greater offense); the second count was for third-degree trafficking of tramadol (second or greater offense); and the third count was for trafficking in a legend drug (second or greater offense). Following a trial, a jury convicted Jones of all three counts and fixed his sentence at a total of ten years' imprisonment. The trial court entered a judgment imposing the jury's sentence. Jones now appeals to this Court.
We conclude that there was sufficient evidence that Jones was in constructive possession of the drugs to submit the issue to the jury. We also conclude that there was sufficient evidence to support a jury instruction that Jones intended to traffic in the drugs. However, we conclude that the trial court erred by allowing the Commonwealth to introduce evidence of a prior trafficking conviction as additional proof of intent to traffic. Finally, we conclude that the Commonwealth failed to prove that the capsules contained a legend drug. Consequently, Jones was entitled to a directed verdict on the charge of trafficking in a legend drug. Hence, we reverse all three trafficking convictions and we remand for a new trial on the counts of trafficking in methamphetamine and trafficking in tramadol.
The charges in this case arose on November 21, 2016, when Kentucky State Police Trooper Billy Begley and several Russell County Sherriff's deputies went to the home of Sheldon Grider to serve arrest warrants on Jones and Morgan. Jones's aunt, Pamela Hammonds, opened the door and admitted the officers to look for Jones and Morgan. Trooper Begley found Jones and Morgan sleeping in the rear bedroom. The officers entered the room, woke up Jones and Morgan, and told them about the warrants. After turning on the lights, Trooper Begley saw a pill bottle on the dresser and a corner of an open baggie sticking out with a white substance in it. There was no label on the bottle. Trooper Begley also saw tablets and capsules laying on the dresser next to the pill bottle.
At trial, the Commonwealth presented the testimony of Rebecca Stone, a forensic chemist employed by the Kentucky State Police's Central Laboratory. Stone testified that the white powder weighed 3.024 grams and tested positive for containing methamphetamine. Stone also testified that there were fourteen white tablets which she identified from their markings as tramadol, a Schedule IV controlled substance. Finally, Stone testified that there were forty-three capsules, which she did not submit to testing. However, Stone testified that the capsules "possibly" contained gabapentin. Gabapentin is not a federally-scheduled controlled substance, but the Food & Drug Administration prohibits dispensing it without a prescription.
Jones primarily argues that the Commonwealth failed to prove an essential element of all three offenses beyond a reasonable doubt. On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then is the defendant entitled to a directed verdict of acquittal. Commonwealth v. Benham , 816 S.W.2d 186, 187 (Ky. 1991) (citing Commonwealth v. Sawhill , 660 S.W.2d 3 (Ky. 1983) ). When ruling on a directed verdict motion, the trial court must assume the evidence for the Commonwealth is true and draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. Id. But to survive a motion for a directed verdict, the Commonwealth must produce more than a mere scintilla of substantive evidence. Sawhill , 660 S.W.2d at 5.
*926 First, Jones argues that the Commonwealth failed to prove that he actually or constructively possessed any of the drugs found in the bedroom where he and Morgan were sleeping. Possession may be proven through either actual possession or constructive possession. Johnson v. Commonwealth , 90 S.W.3d 39, 42 (Ky. 2002), overruled on other grounds by McClanahan v. Commonwealth , 308 S.W.3d 694 (Ky. 2010). "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control of an object, either directly or through others." Id. (quoting United States v. Kitchen , 57 F.3d 516, 520 (7th Cir. 1995) ).
Jones points out that the drugs were all found on the top of a dresser in Grider's house, with nothing to readily identify who owned them or who placed them there. Jones also contends that other people in the house had equal or greater access to the guest bedroom. However, Jones and Morgan were found sleeping in the bedroom where the drugs were found. Moreover, the drugs were in plain sight and, thus, were in Jones's immediate control. Consequently, we conclude that the trial court properly submitted the issue of possession to the jury.
Second, Jones argues that the Commonwealth failed to prove any intent to sell or traffic in the drugs. KRS[1] 218A.010(55) provides that the term "traffic" "means to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance...." KRS 218A.1431(3) similarly defines the term with respect to trafficking in methamphetamine. The parties in this case agree that intent to traffic is an essential element of the offenses with which Jones was charged. Commonwealth v. Adkins , 331 S.W.3d 260, 264 (Ky. 2011).
Jones correctly points out that officers did not find any paraphernalia, scales, baggies, or large amounts of money in the room or the house. Consequently, Jones argues that there was no evidence indicating that he was engaged in trafficking the drugs for sale or distribution. However, intent to traffic may be inferred where the quantity of drugs is inconsistent with personal use or accompanied by circumstances that are inconsistent with personal use. Dawson v. Commonwealth , 756 S.W.2d 935, 936 (Ky. 1988) (citing Whisman v. Commonwealth , 667 S.W.2d 394 (Ky. App. 1984) ).
The Commonwealth notes that Jones was found in constructive possession of more than three grams of methamphamine, as well as fourteen tablets and forty-three capsules which were not in their original containers. Trooper Begley testified that the quantity of methamphamine and pills was not consistent with personal use. Although the evidence of intent to traffic was not overwhelming in this case, we conclude that the trial court did not clearly err by denying Jones's motion for directed verdict on this issue.
In a related argument, Jones argues that the trial court erred when it allowed the jury to hear about his prior convictions for trafficking and the arrest warrant during the guilt phase of the trial. We find that the Commonwealth properly referred to the arrest warrant to explain the circumstances, why the police were at the Grider residence looking for Jones and Morgan. See Kerr v. Commonwealth , 400 S.W.3d 250, 260-61 (Ky. 2013). However, we cannot find that Jones's prior convictions *927 were admissible under the circumstances present in this case.
The Commonwealth argues that Jones's 2009 trafficking conviction was admissible under KRE[2] 404(b)(1) as probative of his knowledge and absence of mistake or accident concerning the presence of the drugs. We agree that the prior conviction was marginally relevant to show absence of mistake or accident concerning his possession of the drugs. Nevertheless, the Commonwealth also sought to use the prior conviction to establish Jones's intent with respect to trafficking.
While before the trial court, the Commonwealth cited to Walker v. Commonwealth , 52 S.W.3d 533 (Ky. 2001), as allowing the admission of a prior trafficking conviction to prove intent to traffic in the current charge. But in Walker , the defendant was found attempting to dispose of drugs in a house where a drug transaction had taken place the day before. Id. at 535-36. In this case, the Commonwealth did not offer any evidence that a drug sale or transaction had occurred at the Grider residence. Rather, the Commonwealth sought to infer that Jones was trafficking based only upon the amount of drugs found and his prior history of engaging in trafficking.
KRE 404(b) makes it clear that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence of other crimes may be admissible to show a common scheme or plan. KRE 404(b)(1). As a prerequisite to the admissibility of prior bad acts evidence, the rule requires that the proponent of the evidence demonstrate a factual commonality between the prior bad act and the charged conduct "that is simultaneously similar and so peculiar or distinct that there is a reasonable probability that the two crimes were committed by the same individual." Clark v. Commonwealth , 223 S.W.3d 90, 97 (Ky. 2007). See also Commonwealth v. Buford , 197 S.W.3d 66, 71 (Ky. 2006) ; Dickerson v. Commonwealth , 174 S.W.3d 451, 469 (Ky. 2005). In this case, the Commonwealth offered no evidence that the circumstances surrounding Jones's 2009 trafficking conviction were substantially similar to the charged offenses in this case.
Although the prior conviction may have been marginally relevant to Jones's knowledge of the presence of the drugs, any relevance on that point was far outweighed by the unfair prejudice of admitting the prior conviction to prove his intent to traffic in those drugs. KRE 403. Therefore, we must conclude that the trial court erred by admitting the evidence. Furthermore, given the less-than-overwhelming evidence proving Jones's intent to traffic, we cannot find the error harmless. Therefore, we must reverse the convictions and remand this matter for a new trial.
Finally, Jones argues that the Commonwealth failed to prove that the capsules contained gabapentin. He separately argues that the trial court failed to instruct the jury to determine whether gabapentin is a legend drug as defined by KRS 217.015(28). Jones concedes that he failed to object to the sufficiency of the evidence or the jury instruction on this issue.
With respect to the issue concerning the jury instructions, RCr[3] 9.54(2) prohibits a party from raising an error relating to the giving or failure to give an instruction "unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or *928 by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection." Under the rule, this Court is not authorized to review the failure to give an instruction unless the defendant requested and submitted an appropriate instruction to the trial court. Martin v. Commonwealth , 409 S.W.3d 340, 344-45 (Ky. 2013). Since Jones did not request jury instructions on whether the capsules were gabapentin or defining it as a legend drug, this issue is not subject to review for palpable error.
On the other hand, we may review for palpable error an unpreserved issue relating to the sufficiency of the evidence. Schoenbachler v. Commonwealth , 95 S.W.3d 830, 836 (Ky. 2003). A palpable error is one of that "affects the substantial rights of a party" and will result in "manifest injustice" if not considered by the court. Id. (citing RCr 10.26 ). The Commonwealth's failure to prove every element of the charged offense beyond a reasonable doubt is an error which would affect Jones's substantial rights. Id. at 836-37.
As noted above, Stone did not test the capsules, but she stated that, based on her experience, they "possibly" contained gabapentin. Stone did not testify concerning the basis for her opinion. The Commonwealth does not point to any other evidence supporting a reasonably certain inference that the capsules contained gabapentin. In the absence of more certain evidence on this point, we must conclude that the trial court erred in denying Jones's motion for a directed verdict on the charge of trafficking in a legend drug.
Accordingly, we reverse Jones's convictions for trafficking in methamphetamine, trafficking in tramadol, and trafficking in a legend drug. We remand the first two charges to the Russell Circuit Court for a new trial without the inadmissible evidence. We remand the charge of trafficking in a legend drug with instructions to enter a directed verdict of acquittal.
ALL CONCUR.

Kentucky Revised Statutes.

Kentucky Rules of Evidence.

Kentucky Rules of Criminal Procedure.