RENDERED: SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001257-MR

LAWRENCE CARTER                                                    APPELLANT

APPEAL FROM TAYLOR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 18-CR-00266

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Lawrence Edward Carter appeals from a judgment of conviction by the Taylor Circuit Court for first-degree possession of a controlled substance. He argues that he was entitled to a directed verdict and that the trial court failed to make sufficient findings to overcome the statutory presumption of probation. Finding no error or abuse of discretion, we affirm.

On October 30, 2018, a Taylor County grand jury returned an indictment charging Carter with one count of first-degree possession of a controlled substance (methamphetamine). The matter proceeded to a jury trial on July 15, 2019. The relevant facts of the matter as developed at trial are as follows.

During the early morning hours of October 9, 2018, the Campbellsville Police Department dispatched Officers Eddie Taylor and Richie French to investigate a report of a person sleeping behind the wheel of a vehicle in the roadway. The officers arrived at the scene and found a red pickup truck stopped in the right lane of travel of the road. Officer Taylor approached the truck and saw its occupant, Carter, asleep. The truck was not running at the time.[1]

The officers woke Carter and asked him to step out of the truck. Officer French stated he saw Carter take something from the interior of the vehicle before exiting. Officer French then checked Carter's hands and found a small baggie containing suspected methamphetamine. Officer French also found a similar baggie on the ground near Carter's feet. Officer Taylor testified that the baggies were in a style common for personal drug use.

Following Carter's arrest, the baggies were sent to the Kentucky State Police Laboratory to be identified. Rebecca Stone, a forensic specialist with the

---

[1] Both Officer Taylor and Officer French testified that they had seen Carter driving the truck on prior occasions. However, Officer French testified that his further investigation showed the truck was registered to another person.

lab, testified that the substance in one of the baggies tested positive for methamphetamine. Stone testified that she did not test the other baggie because the substances in both baggies appeared to be homogeneous, and the cumulative weight of both baggies was less than two ounces.

Carter moved for a directed verdict at the close of the Commonwealth's case and at the close of his case. The trial court denied both motions. Thereafter, the jury found Carter guilty on the possession charge. Subsequently, the jury fixed his sentence at three years' imprisonment, which the trial court imposed.

After trial, Carter moved for a judgment notwithstanding the verdict, which the trial court denied. At final sentencing, Carter requested probation pursuant to KRS[2] 218A.1415(2). The trial court also denied that motion. This appeal followed. Additional facts will be set forth below as necessary.

Carter first argues that he was entitled to a directed verdict of acquittal on the charge of possession of a controlled substance. On appellate review, a trial court's denial of a motion for directed verdict should only be reversed "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)). In determining whether to

---

[2] Kentucky Revised Statutes.

grant a motion for directed verdict, the trial court must consider the evidence as a whole, presume the Commonwealth's proof is true, draw all reasonable inferences in favor of the Commonwealth, and leave questions of weight and credibility to the jury. *Id.* To grant a motion for a directed verdict, the Commonwealth must produce no more than a "mere scintilla of evidence[.]" *Id.* We apply the same standard of review to the denial of a judgment notwithstanding the verdict. *Capshaw v. Commonwealth*, 253 S.W.3d 557, 562 (Ky. App. 2007).

Carter asserts that the Commonwealth failed to prove that he actually possessed the baggie which tested positive for methamphetamine. He correctly notes that Stone only tested one of the baggies. Carter contends that the Commonwealth never established which one was found in his hand and which one was found on the ground. Consequently, Carter argues that the Commonwealth never proved his actual possession of any controlled substance.

We disagree. "Possession may be proven through either actual possession or constructive possession." *Johnson v. Commonwealth*, 90 S.W.3d 39, 42 (Ky. 2002), *overruled on other grounds by McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010) (citation omitted). "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control of an object, either directly or through others." *Id.* (quoting *United States v. Kitchen*, 57 F.3d 516, 520

(7th Cir. 1995)). *See also Jones v. Commonwealth*, 567 S.W.3d 922, 926 (Ky. App. 2019).

In this case, the Commonwealth presented evidence that Carter was found holding a baggie containing a substance that appeared to be methamphetamine and another identical baggie was found near his feet. No other persons were found in the area. While physical proximity to an area where drugs are found is insufficient on its own to support a finding that an accused constructively possessed those drugs, constructive possession may be proven through circumstantial evidence. *Haney v. Commonwealth*, 500 S.W.3d 833, 835 (Ky. App. 2016). Although Stone only tested the contents of one baggie, there was sufficient circumstantial evidence to allow the jury to infer that Carter exercised dominion and control over both. Consequently, we conclude that the trial court properly submitted the issue of possession to the jury.

Carter next argues that the trial court failed to apply the statutory presumption of probation. Generally, trial courts are afforded wide discretion in deciding whether a grant of probation is appropriate under the circumstances of a particular case. *Turner v. Commonwealth*, 914 S.W.2d 343, 347-48 (Ky. 1996). However, KRS 218A.1415(2)(d) provides:

> If a person does not enter a deferred prosecution program for his or her first or second offense, he or she shall be subject to a period of presumptive probation, unless a

court determines the defendant is not eligible for presumptive probation as defined in KRS 218A.010.

KRS 218A.010(44) defines "presumptive probation" to mean

> a sentence of probation not to exceed the maximum term specified for the offense, subject to conditions otherwise authorized by law, that is presumed to be the appropriate sentence for certain offenses designated in this chapter, notwithstanding contrary provisions of KRS Chapter 533. That presumption shall only be overcome by a finding on the record by the sentencing court of substantial and compelling reasons why the defendant cannot be safely and effectively supervised in the community, is not amenable to community-based treatment, or poses a significant risk to public safety[.]

Carter notes that the trial court's written order merely checked the boxes stating that imprisonment is necessary for the protection of the public because:

- there is a likelihood that during a period of probation with an alternative sentencing plan or conditional discharge Defendant will commit a Class D or Class C felony or a substantial risk that Defendant will commit a Class B or Class A felony;
- Defendant is in need of correctional treatment that can be provided most effectively by the defendant's commitment to a correctional institution;
- probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of the Defendant's crime[.]

Carter argues that the trial court's written findings were insufficient to rebut the presumption of probation required by KRS 218A.1415(2)(d). However, in *Commonwealth v. Gilmore*, 587 S.W.3d 627 (Ky. 2019), the Kentucky Supreme Court held that a trial court's oral findings may be sufficient to satisfy its statutory obligations to make findings supporting its decision to revoke probation under KRS 439.3106(1). *Id.* at 630. And in several recent unpublished opinions, this Court has likewise held that a trial court's oral and written findings may be considered in support of a written order denying probation under KRS 218A.1415(2)(d). *See Tabor v. Commonwealth*, No. 2019-CA-000773-MR, 2020 WL 1074596, at *4 (Ky. App. Mar. 6, 2020); and *Baldwin v. Commonwealth*, No. 2017-CA-000804-MR, 2019 WL 645920, at *6 (Ky. App. Feb. 15, 2019). Based on this authority, we may consider the trial court's oral findings as a basis to support its decision to deny probation to Carter in this case.

At the sentencing hearing, the trial court noted that Carter had accrued additional charges while on bond in the current case. The evidence at trial and the presentence investigation (PSI) report also noted Carter had his probation revoked on several prior occasions. The trial court's written findings are consistent with its oral statements and the evidence presented. Under the circumstances, we find substantial evidence to support the trial court's findings overcoming the

presumption of probation.  Therefore, we find no error or abuse of discretion in this case.

Accordingly, we affirm the judgment of conviction and sentence of the Taylor Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Molly Mattingly
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky